UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 15-CR-00016 |
| | * | |
| VERSUS | * | JUDGE HAIK |
| | * | |
| TIMOTHY PREJEAN | * | MAGISTRATE JUDGE HILL |

## PLEA AGREEMENT

### A. INTRODUCTION

This document contains the complete plea agreement between the Government and TIMOTHY PREJEAN, the Defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the Defendant, an attorney for the Defendant, and an attorney for the Government. The terms of this plea agreement are only binding on the Defendant and the Government if the Court accepts the Defendant's guilty plea.

### B. THE DEFENDANT'S OBLIGATIONS

TIMOTHY PREJEAN shall appear in open court and plead guilty to Count 1 of the Indictment pending in this case.

C. **THE GOVERNMENT'S OBLIGATIONS**

1. If the Defendant completely fulfills all of his obligations and agreements under this plea agreement, the Government agrees to dismiss the remaining counts of the Indictment after sentencing and it will not prosecute the Defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the Indictment.

2. The Government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the Defendant to receive a one point reduction in his offense level should that offense level be 16 or greater, as the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

D. **SENTENCING**

TIMOTHY PREJEAN understands and agrees that:

1. The maximum punishment on Count 1 of the Indictment is a term of imprisonment of not more than twenty (20) years (pursuant to 18 U.S.C. § 1951), or a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571), or both;

2. He shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court;"

3. He may receive a term of Supervised Release of not less than three (3) years in length in addition to any term of imprisonment imposed by the Court;

4. A violation of any condition of Supervised Release at any time during the period of Supervised Release may result in the Defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5. The period of incarceration for a violation of a condition of Supervised Release could be as much as the full term of Supervised Release initially ordered by the Court regardless of the amount of time of the Supervised Release the Defendant had successfully completed;

6. Any fine and/or restitution imposed as part of the Defendant's sentence will be made due and payable immediately and any federal income tax refund received by the Defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

7.  As part of the presentence investigation, the Government will make available to the Court all evidence developed in the investigation of this case;

8.  This case is governed by the Sentencing Reform Act, as modified by <u>United States v. Booker</u>, 543 U.S. 220 (2005), that he has discussed the Sentencing Guidelines and their applicability with his counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

9.  The sentencing judge alone will decide what sentence to impose; and,

10. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

## E. COOPERATION

1.  The Defendant agrees to cooperate fully and truthfully in the Government's investigation into this and any other criminal matter about which the defendant has knowledge.

2.  Cooperation shall include, but is not limited to, testifying before the grand jury or at trial if requested. The Defendant understands that his failure to testify truthfully can result in the Defendant being prosecuted for

4

perjury or giving false statements and in the Government withdrawing from this Plea Agreement.

3. The Defendant understands that while he is being offered use immunity for all prospective statements to law enforcement agents and testimony, given as a result of this agreement, such statements and testimony are subject to the penalties of perjury and giving false statements if not completely honest and factual, and that this Plea Agreement can be withdrawn if the Defendant makes false statements or substantially misrepresents his role in the offense.

4. At or before the time of sentencing, the United States will advise the Court of any assistance provided by the Defendant.

5. The United States may, but shall not be required to, make a motion requesting the Court to depart from the sentencing range called for by the guidelines in the event he provides "substantial assistance." This decision shall be in the sole and non-reviewable discretion of the United States Attorney.

6. It is understood and agreed that a motion for departure shall not be made under any circumstances unless the Defendant's cooperation is deemed "substantial" by the United States Attorney. The United States has made <u>no</u> promise, implied or otherwise, that the Defendant will be granted a "departure" for "substantial assistance." Further, <u>no</u> promise has been made

that a motion will be made for departure even if the Defendant complies with the terms of this agreement in all respects, but has been unable to provide "substantial assistance."

7. It is understood that even if a motion for departure is made by the Government, based upon the Defendant's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

F. **SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT**

I have read this plea agreement and have discussed it fully with my client, TIMOTHY PREJEAN. It accurately and completely sets forth the entire plea agreement. I concur in TIMOTHY PREJEAN pleading guilty as set forth in this plea agreement.

Dated: 3/18/15

DAVID S. COOK
Attorney at Law
117 Heymann Blvd.
Lafayette, LA 70503
Telephone: (337) 234-4155

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No

threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 3/18/15

TIMOTHY PREJEAN
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: 3/18/15

STEPHANIE A. FINLEY
United States Attorney

MYERS P. NAMIE, Bar ID 29359
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone: (337) 262-6618